Sneed, J.,
delivered the opinion of the court.
The defendant was indebted to the plaintiffs both by note and open account,' and the plaintiffs, who are merchants, and residents of New York, brought suit upon the account before a justice of the county of *459 Monroe, and had judgment, from which defendant appealed to the Circuit Court. The account, before its transmission to the agent of the plaintiffs for collection, had been verified by affidavit, as prescribed by our statute, and when the case was called in the Circuit Court, the defendant, by leave of the court, filed his own affidavit denying the justice of the account, which throw the onus upon the plaintiffs to prove it. They thereupon introduced the defendant as a witness, who testified that he had paid the debt, and in the manner following: The plaintiffs’ attorney had left Madisonville, where he had been residing, and gone to Georgia. He left his family in the town of Madisonville. While the attorney was so absent, his wife received and opened a letter from the plaintiffs to her husband, containing a draft for $269.50, drawn by plaintiffs on the defendant, and payable at ten days after sight to the order of the said attorney. The defendant states that he first saw said draft, within a few days after its date, in the possession of the wife of said attorney, and he not long thereafter paid to her the amount of said draft, which embraced the note and account, that being his whole indebtedness to the plaintiffs. In regard* to the authority of the attorney’s wife to receive said payment, the defendant makes this statement, which is the only evidence upon the subject of the wife’s agency: “Before said Young, the attorney, left the country, he had placed some claims in the hands of witness for collection, and had instructed witness to pay over any moneys that might come to his hands for him to his wife.”
*460 It is a familiar doctrine of the law that if a party owes a debt, he pays it at his peril to any person except the creditor or his agent. If he pay it to an unauthorized person it is no satisfaction, and the creditor may ignore such officious person and proceed against his debtor and enforce its collection, or he may ratify the transaction and thereby release the original debtor. If the creditor constitute an agent for the collection of the debt, and such agent appoint a sub-agent, with the powers of acting generally for the client or specially for the collection of that particular debt, and the debt is in good faith paid to such sub-agent, this is a discharge of the original debtor, and the client must- look alone to his attorney for satisfaction.
As a general rule, the relation of principal and agent may as well subsist between the husband and wife as between other parties, and the husband is bound by the acts and declarations of the wife done or made while she is acting as his agent: Torrence v. Graham, 1 Dev. & Bat., 284. If the debtor hand money to the wife of an attorney, who is not her husband’s agent to receive it, and who merely promises to hand it over to the creditor or to the husband, the money does not thereby vest in the creditor so as to make it his, and thereby discharge the debt, until he is notified of the transaction and agrees to adopt the act of the wife, or until the husband has received it as agent of the creditor: Strayhorn v. Webb, 2 Jones’ R., 199; Vide 2 Bat. Dig., 712, 952. And it is held that even a payment to the wife of the creditor is not a discharge of the debt unless she is expressly *461 or impliedly bis agent: 2 Bouv. L. D., 314; 2 Scott, N. R., 372; 1 Add. Penn., 316; 2 Freem., 178; 22 Maine R., 355.
But it is said that “the presumption of such agency often arises in the case of a wife; or of a domestic servant; or of a son who has been permitted for a considerable time to transact a partial business for the father, as to sign bills; or when one has been repeatedly employed to sign policies of insurance for another”: 1 Pars. Cont., 48. It must, however, appear affirmatively that the wife was either authorized to act in reference to the . particular transaction, or that some general exercise of a like agency had been sanctioned and adopted by the ‘husband. In that event, the act of the wife becomes the act of the husband, and the payment of the client’s' debt to her is a payment to the husband; the original debtor is discharged, and the client must look to his attorney for satisfaction.
It does not appear in this case that the wife of ■ the attorney had any authority from her husband to collect the plaintiffs’ debt. The authority vested in her to collect the private debts of the husband does not confer upon her the right to collect or control the fiduciary debts entrusted for collection to her husband. If such general authority had been exercised by her by the sanction of her husband as to his client’s debts, or the special authority existed as to this debt, it must be affirmatively shown, or the original debtor can not claim his discharge by such payment. The rule may operate harshly in special cases, but it is one of great importance, and the courts have no *462 power to relax it. We think the verdict for the defendant in this case is without warrant of law upon the evidence. The charge of his Honor the Circuit Judge is not embodied in the bill of exceptions. We are to presume that the law was correctly expounded to the jury, and we reverse the judgment because the authority of the attorney’s wife to receive the money of the plaintiffs does not sufficiently appear from the evidence.
Let the judgment be reversed, and a new trial awarded.